557 P.2d 522

William A. MALOOF and Ruby V. Maloof,
husband and wife, Appellants,

v.

RAPER SALES, INC., an Indiana Corpora-
tion, and Henry Oberling, Sr., dba Ober-
ling Chrysler, Appellees.

No. 12534.

Supreme Court of Arizona,
In Banc.

Nov. 22, 1976.

Langerman, Begam, Lewis, Leonard & Marks, P.A. by Noel A. Fidel, Barry C. Schneider, William T. Keane, Phoenix, for appellants.

Jennings, Strouss & Salmon by William T. Birmingham, M. Byron Lewis, Phoenix, for appellee, Raper Sales, Inc.

Johnson, Tucker, Jessen, Dake & Murphy by G. Michael Jessen, Michael M. Johnson, Richard H. Oplinger, Phoenix, for appellee, Henry Oberling, Sr., dba Oberling Chrysler.

GORDON, Justice:

This is an appeal from the trial court's granting of motions to dismiss on the grounds that the court lacked personal jurisdiction over two of the defendants in a multidefendant personal injury suit. The trial court made a determination under Rule 54(b), 16 A.R.S., Rules of Civil Procedure, that there was no just reason for delay and directed the entry of judgment. Plaintiff appealed. This Court takes jurisdiction under Rule 47(e)(5), 17A A.R.S., Rules of the Supreme Court.

The facts necessary to this appeal are as follows: On May 7, 1973, appellants purchased a self-contained 1973 Surveyor Motor Home recreational vehicle from a Phoenix, Arizona automobile dealer. On June 11, 1973, after routine maintenance under warranty, appellants started out with the vehicle on a vacation trip. In Portsmouth, Ohio on July 7, 1973, the motor home developed engine trouble and was towed to appellee Henry Oberling Motor Company, Inc. in that same city. Representatives of the company told appellants that the engine had to be replaced and numerous other repairs were also necessary. These repairs were made by Oberling Motor Company and took twelve days.

The day after receiving the vehicle back from Oberling Motor Company, appellants had difficulty starting it. Upon reaching the next large city on their route, Richmond, Indiana, (150 miles from Portsmouth) appellants took their vehicle to appellee Raper Sales Company. Personnel there told appellants that the engine needed extensive repairs. When Raper had completed its work a mechanic there told appellants that Raper had been unable to learn what was wrong with the vehicle but if they "petted it" they might be able to get back home to Phoenix, Arizona. The

mechanic also told appellants to take the vehicle immediately to the Phoenix dealership which had sold it and get them to complete the repairs.

On August 3, 1973, while on Interstate 17 about forty-eight miles south of Flagstaff, the engine stopped. When appellants were unable to restart the engine, they removed the engine cover. (The engine in a Surveyor Motor Home is right next to the driver's seat.) Mr. Maloof turned the key in the inginition switch to "on" and was immediately engulfed in flames, sustaining burns on his feet and lower legs. Appellant filed tort claims in the Superior Court of the State of Arizona against appellees, as well as against other defendants who were not dismissed out of the suit. Appellants sought recovery for damage to the vehicle, personal injury, medical expenses, loss of income and loss of consortium.

The issues raised in this appeal are: (1) Have appellants met their burden of showing that the Arizona courts may assume in personam jurisdiction over out-of-state appellees without offending traditional due process notions of fair play and substantial justice; and (2) may an officer of a foreign corporation be subjected to personal jurisdiction of the Arizona courts without a showing that the officer participated in or authorized the alleged tortious conduct of the corporation.

▇▇ Rule 4(e)(2), Rules of Civil Procedure, 16 A.R.S., enables Arizona courts to acquire personal jurisdiction over a nonresident defendant who has "caused an event to occur in this state out of which the claim which is the subject of the complaint arose." As we stated in *Phillips v. Anchor Hocking Glass Corporation*, 100 Ariz. 251, 254, 413 P.2d 732, 733 (1966): "The choice of the general language quoted above is intended to give Arizona residents the maximum privileges permitted by the Constitution of the United States." See also, State Bar Committee

note following Rule 4(e)(1). Thus the validity of the exercise of 4(e)(2) jurisdiction is determined by a two-stage analysis: (1) Has the defendant caused an event to occur in Arizona out of which the claim which is the subject of the complaint arose; and (2) is the exercise of personal jurisdiction over defendant consistent with the requirements of the due process clause of the Fourteenth Amendment.

Both appellees concede that if appellants prove their allegations as to negligence the first prong of the above test will be satisfied. Appellees argue, however, that appellants have not shown that due process requirements will be satisfied if personal jurisdiction is exercised here.

▇▇ When a defendant moves to dismiss a complaint for lack of personal jurisdiction, plaintiff has the burden of establishing such jurisdiction. *Pegler v. Sullivan*, 6 Ariz.App. 338, 432 P.2d 593 (1967); *Taylor v. Portland Paramount Corporation*, 383 F.2d 634 (9th Cir. 1967). When reviewing the grant of such a motion to dismiss, the court looks at the pleadings and the affidavits in support of and in opposition to the motion. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Magidow v. Coronado Cattle Company*, 19 Ariz.App. 38, 504 P.2d 961 (1972). Having done so, we find that appellants have failed to make even a prima facie showing that the Arizona courts may exercise personal jurisdiction over appellees consistent with due process.

▇▇ In *Phillips v. Anchor Hocking Glass Corporation*, supra, we laid down general, nonexclusive guidelines for determining whether long arm jurisdiction is constitutionally proper in a given case. The court should consider the following factors: (1) the nature and size of the defendant's [1] business; (2) the economic independance of the plaintiff; and (3) the

---

[1]. In *Phillips* we were dealing with a manufacturer and spoke in those terms. Appellees made a half-hearted attempt to argue that *Phillips* should not apply to their situation since they are not manufacturers. We see no constitutional difference between a manufacturer and a provider of services. Thus the guidelines in *Phillips* apply to this case.

nature of the cause of action including the applicable law and practical matters of trial.

Appellees rely heavily on two factors which they present as requirements for exercise of personal jurisdiction: foreseeability and purposeful activity within the forum. Although we clearly stated in *Phillips* that these are not absolute constitutional requirements we will briefly review our reasoning.

■ Commentators and courts often treat foreseeability as an important consideration in the exercise of personal jurisdiction over a nonresident defendant. *Pegler v. Sullivan*, supra; *United Medical Laboratories v. Columbia Broadcasting System*, 256 F.Supp. 570 (D.C.Or.1966); Note, Injuriously Defective Product May Entitle State to Take In Personam Jurisdiction Over Nonresident Manufacturer, 8 Ariz.L.Rev. 356 (1967). Foreseeability is not, however, dispositive. As we stated in *Phillips*:

> "Fairness, not foreseeability is the test of jurisdiction over a nonresident defendant. We cannot rule as a matter of law that unforeseeability equals unfairness. There may be cases where fairness will be served by exercising jurisdiction over a defendant though he could not foresee the presence of his product in the forum." 100 Ariz. at 260, 413 P.2d at 738.

Because of language used by the United States Supreme Court in *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) there has been some question whether a nonresident defendant might be required to have "purposefully" conducted activities within the state before the state could exercise personal jurisdiction over him. We dealt with this issue in *Phillips*, holding that such a requirement is improper and unreasonable and giving tortious and negligent conduct as examples in which it is "unrealistic to say that the ac-

tors first considered the laws of the state in which such acts were committed." 100 Ariz. at 256, 413 P.2d at 735. This reasoning clearly applies to the situation here.

■ Applying the above guidelines to this situation we find appellants failed to show that the factors discussed in *Phillips* made 4(e)(2) jurisdiction proper in this case.[2]

First, appellants present no information as to the nature and size of defendants' businesses which would indicate that it is fair to require them to defend the suit in Arizona. Second, appellants allege that Mr. Maloof is injured and unable to work but present no further information as to their economic status and inability to travel to Indiana and Ohio to bring suit. Third, appellants do not present enough information for us to determine whether the nature of the cause of action makes it fair to require appellees to defend in Arizona.

For the foregoing reasons we hold that the trial court properly granted appellees' motion to dismiss.

Although we held, supra, that the dismissals were proper these dismissals were without prejudice. Appellants have the opportunity to try again to show that the Arizona courts may exercise personal jurisdiction over appellees consistent with due process. Thus we must decide the second issue raised in this appeal.

■ If the appellants refile actions against appellees and successfully meet the *Phillips* guidelines for assertion of in personam jurisdiction, the trial court must decide whether or not Henry Oberling, Sr. is a proper defendant. It is well settled that an officer, director or shareholder of a corporation may not be held liable for the torts of the corporation unless (1) he authorized or participated in the actions or (2) the corporation is an alter ego. E.g., *Magidow v. Coronado Cattle Company*, supra. Appellants filed suit against Henry

---

2. Even if we were to consider statements in appellants' brief which are unsupported in the record, we would not have enough informa-

tion to determine that due process requirements are satisfied.

Oberling, Sr., dba Oberling Chrysler. Appellee Oberling's affidavit states that the company is Henry Oberling Motor Company, Inc., an Ohio corporation and that Mr. Oberling is chairman of the board and president as well as a shareholder in the company. Appellants presented no facts which suggest either of the above exceptions can be met. Unless appellants can make such a showing appellee Oberling cannot be subjected to personal jurisdiction in Arizona.

Judgment of the trial court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.