AMBA MARKETING SYSTEMS, INC.,
Plaintiff-Appellant,

v.

JOBAR INTERNATIONAL, INC.,
Defendant-Appellee.

No. 75–1989.

United States Court of Appeals,
Ninth Circuit.

April 4, 1977.

Rehearing Denied May 16, 1977.

William H. Drummond, argued, Drummond, Nelson & Ptak, Phoenix, Ariz., for plaintiff-appellant.

Warren L. Kern, argued, Harris, Kern, Wallen & Tinsley, Los Angeles, Cal., for defendant-appellee.

Before CHAMBERS and ANDERSON, Circuit Judges, and EAST, District Judge.

CHAMBERS, Circuit Judge:

This is an appeal from the district court's dismissal of plaintiff Amba Marketing System, Inc.'s (Amba's) action on the ground of lack of personal jurisdiction over the defendant Jobar International, Inc. (Jobar). Subject matter jurisdiction in district court was pursuant to 28 U.S.C. Secs. 1332(a) (diversity of citizenship) and 1338 (patent infringement, trademark infringement and unfair competition). While recognizing that close questions of *in personam* jurisdiction are presented, we affirm the district court's dismissal.

Amba's complaint was in 4 counts—unfair competition, trademark infringement, false designation of origin, and patent infringement. The facts giving rise to the complaint were as follows. Plaintiff Amba is a Delaware corporation with its principal place of business in Arizona. Amba is engaged in mail order sales of leather goods, primarily women's wallets and handbags. Defendant Jobar is a California corporation with its principal place of business in Santa Monica, California. Jobar's business essentially consists of importing different items of merchandise and selling them to various mail order sales companies, including some of Amba's competitors. Jobar has no facilities in Arizona, no personnel in Arizona representing it, and no direct mail order business with anyone in Arizona.

This action arose out of Jobar's allegedly having cheaper imitations of, among other things, Amba's "clutch bag" item produced in Taiwan, with Jobar then selling the imitations to California mail order houses which compete with Amba by distributing the merchandise in interstate commerce. Embossed in the interior of "credit card organizers" found within the clutch bags was a legend which purportedly identified the products' origin as being Amba's place of business in Arizona, and which matched almost identically the writing inscribed on Amba's own product. These imported imitations allegedly are distinctly inferior in appearance, workmanship and quality of material to the genuine product sold by Amba.

The first 3 counts of Amba's complaint (unfair competition, trademark infringement and false designation of origin) alleged that Jobar imports the cheaper foreign imitations "for sale to and subsequent distribution by [Amba's] substantial competitors in interstate commerce." The fourth count (patent infringement) varied somewhat by alleging that Jobar's customers, some of which compete with Amba, have in turn "sold and are selling [the infringing merchandise] to the public within the state of Arizona and elsewhere." Damage in the form of injury to Amba's good will and reputation, impairment of its profit expectancies and competitive position, and dilution in trademark value is claimed to have been suffered by Amba in Arizona and elsewhere in interstate commerce. This damage allegedly was reasonably foreseeable to Jobar. Amba prayed in part for a temporary restraining order, preliminary and permanent injunction, and damages.

The district court (Judge Copple) issued a TRO without notice to Jobar, issued an order to show cause and set a hearing thereon for March 27, 1975. A registered California process server was specially appointed to serve process and other papers on Jobar in California. Shortly thereafter, Jobar moved to dissolve the TRO and order to show cause, or in the alternative to dismiss the complaint for improper venue (as to the patent infringement count) and for lack of in personam jurisdiction. A hearing on these motions was held on March 26, 1975, the day before the scheduled hearing on Judge Copple's order to show cause. The district court (Judge Craig) dismissed the entire case without prejudice for lack of personal jurisdiction over Jobar, thus allowing Amba to file the action in a suitable jurisdiction. The TRO accordingly was dissolved and the order to show cause vacated. Subsequently, Amba filed a similar action in the Central District of California, which case has been stayed pending the outcome of this appeal.

The pivotal issue in this case is whether the district court correctly dismissed Amba's action for lack of personal

jurisdiction. To resolve this issue, two inquiries must be addressed: whether an applicable rule or statute potentially confers personal jurisdiction over the defendant; and whether assertion of such jurisdiction accords with constitutional principles of due process. As to the first inquiry, under F.R. Civ.P. 4(d)(7), reference is made to the jurisdiction law of the state in which the district court sits. *Cook v. Fox*, 537 F.2d 370 (9th Cir. 1976). In Arizona, the long-arm rule, Ariz.R.Civ.P. 4(e)(2) (16 Ariz.Rev.Stat. Ann.) confers personal jurisdiction *inter alia* over a corporation "which has caused an event to occur in the state out of which the claim which is the subject of the complaint arose."[1] Thus, the question becomes whether Jobar "has caused an event to occur" within Arizona within the meaning of Rule 4(e)(2). Arizona law is controlling on this question.

Amba essentially alleges that it was harmed by Jobar's obtaining samples of Amba's merchandise, sending them abroad for production of cheaper imitations containing a false designation of origin, and then selling the duplicates to other mail order houses in this country. The thrust of Amba's complaint is that Jobar injected the cheaper imitations into the general stream of commerce by selling to California mail order houses which in turn sell to interstate consumers. Only in the patent infringement count of its complaint does Amba specifically allege that the imitations actually made their way into Arizona. Under modern notions of notice pleading, this lone allegation normally might be sufficient to vest personal jurisdiction in Arizona. However, Jobar's motion to dismiss clearly challenged personal jurisdiction over it, and the party asserting jurisdiction has the burden of establishing its existence when challenged. *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967); *Maloof v. Raper Sales Inc.*, 113 Ariz. 485, 557 P.2d 522, 524 (1976). Amba could not simply rest on the bare allegations of its complaint, but rather was obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *Taylor v. Portland Paramount Corp., supra.* In this case, Amba failed to meet Jobar's jurisdictional challenge with sufficient facts to sustain its burden of showing that an "event" in Arizona had been caused by Jobar. At the hearing before Judge Craig on the motion to dismiss, Amba apparently was unable or unwilling to establish that any of the allegedly infringing items were on sale or had been sold or obtained in Arizona. With no showing that the imitations actually made their way into Arizona through either Jobar or the California mail order houses to which it sold[2], personal jurisdiction over Jobar under Rule 4(e)(2) was lacking.[3]

Moreover, we think it was essential for Amba to show that the imitations were sold in Arizona or to Arizona consumers by either Jobar or the California mail order houses to which it sold in order to establish an "event" within the meaning of

1. Arizona's long-arm rule also provides for *in personam* jurisdiction over "a corporation doing business in the state." It is conceded that Jobar does not fall within that provision, however.

2. It would seem to have been a relatively simple matter for Amba to properly allege and establish such secondary sales, since it was admittedly familiar with some of the mail order houses to which Jobar sold its products.

3. The Arizona cases upon which Amba primarily relies, *Powder Horn Nursery, Inc. v. Soil & Plant Laboratory, Inc.*, 20 Ariz.App. 517, 514 P.2d 270 (1973) and *Pegler v. Sullivan*, 6 Ariz. app. 338, 432 P.2d 593 (1967), are distinguishable. In *Pegler*, nonresident defendants were found to have "caused an event to occur" in Arizona under Rule 4(e)(2) by their airing a television stage play which allegedly invaded plaintiff's right to privacy by offending his sensibilities in Arizona. There was no dispute, however, that the television program appeared in Arizona, thus giving rise to an "event" occurring within the state. Similarly, in *Powder Horn Nursery*, the California defendant purposely injected its negligently prepared soil analyses into Arizona. In contrast, the presence in Arizona of the allegedly infringing items in this case was not established by Amba, and thus the cited cases do not support personal jurisdiction here. *See Houghton v. Piper Aircraft Corp.*, 112 Ariz. 365, 542 P.2d 24 (1975).

Rule 4(e)(2). Amba's bare allegation of harm or injury suffered in the forum state does not constitute an "event" occurring within the state and thus does not by itself confer personal jurisdiction under Arizona's long-arm rule.[4] *See Houghton v. Piper Aircraft Corp.,* 112 Ariz. 365, 542 P.2d 24 (1975). Rather, the actual damage-causing event must have occurred in Arizona, not merely the effect of the event. *Id.; see Jones Enterprises, Inc. v. Atlas Service Corp.,* 442 F.2d 1136 (9th Cir. 1971). Thus, the mere fact that Amba may have suffered injury to its good will or reputation, dilution of the value of its trademark, and damages from expected profits lost as a result of Jobar or the California mail order houses' sale of the cheaper imitations in states other than Arizona seemingly would not suffice to invoke personal jurisdiction in Arizona. We therefore conclude that the requirements of Rule 4(e)(2) have not been satisfied.[5]

Having determined that no "event" has been caused by Jobar in Arizona such that personal jurisdiction would be warranted under Rule 4(e)(2), we normally would leave the matter at that. The Arizona supreme court, however, consistently has interpreted its long-arm rule as imposing no greater barrier to assertion of personal jurisdiction than does the due process clause of the Constitution.[6] Thus, it would seem somewhat anomalous to find noncompliance with the literal requirements of Rule 4(e)(2) without also concluding that assertion of personal jurisdiction in the case would vio-

**4.** We recognize that the resultant harm need not be physical or "personal" in nature, but rather may be economic in form. *Molybdenum Corp. v. Superior Court,* 17 Ariz.App. 354, 498 P.2d 166 (1972); *see Jones Enterprises, Inc. v. Atlas Service Corp.,* 442 F.2d 1136, 1140 (9th Cir. 1971). This recognition, however, does not cure the defect in this case—the absence of any showing that the injury-causing event occurred in Arizona. A distinction arguably may be drawn between cases involving negligent, personal injury-causing "events" and "events" giving rise to the more amorphous tort claims of trademark and patent infringement and unfair competition. *Cf. Bangor Punta Operations, Inc. v. Universal Marine Co., Ltd.,* 543 F.2d 1107 (5th Cir. 1976) (personal jurisdiction found under Florida's long-arm statute in action for breach of common law copyright, unlawful appropriation of trade secrets, and false advertising since the *injury* occurred within Florida, regardless of where the tort itself occurred). The Arizona courts, however, have not definitively drawn any such distinction, and we decline to reach out and do so in construing their state jurisdictional rule.

**5.** In hopes of establishing that Jobar indeed did cause an event to occur in Arizona within the meaning of Rule 4(e)(2), Amba cites certain portions of the transcript of the hearing on Jobar's motion to dismiss wherein Jobar was willing to assume, for the sake of argument, that the goods sold by it to the California mail order houses were in turn sold by the latter in Arizona. Although this "admission" by Jobar definitely strengthens Amba's position, the admission seems conditional in nature since Jobar continually maintained that neither Amba's verified complaint nor the various affidavits established that the mail order houses to which Jobar sold its goods actually resold them in Arizona. We do not think that Jobar's conditional willingness to assume the occurrence of such resales in Arizona abdicated Amba's burden of establishing this necessary nexus with Arizona. Since Amba failed to substantiate in any way its theory that sales were made in Arizona by Jobar's customers or that the allegedly cheaper imitations somehow reached Arizona consumers through foreseeable channels of interstate commerce, Jobar's conditional concession is insufficient to invoke personal jurisdiction over it here.

Moreover, it is not at all clear that personal jurisdiction would be proper under Rule 4(e)(2) even if resales in Arizona by Jobar's customers were in fact shown. The Arizona court has stated that the mere presence in Arizona of a nonresident defendant's products is insufficient to establish personal jurisdiction. *Houghton v. Piper Aircraft Corp., supra.* Additionally, in *Houghton,* the Arizona supreme court quoted with approval from *Smith v. Piper Aircraft Corp.,* 425 F.2d 823 (5th Cir. 1970). This latter case held that defendant Piper, which itself did no business in Georgia, fell outside the scope of Georgia's long-arm statute since the subsequent sales of Piper's aircraft in Georgia were made only by independent non-Georgian distributors to whom Piper sold. It similarly is clear in our case that the mail order houses to which Jobar sold its goods were independent distributors rather than agents of Jobar, and thus any resales by the former in Arizona would not necessarily vest jurisdiction over Jobar in that state.

**6.** *Phillips v. Anchor Hocking Glass Corp.,* 100 Ariz. 251, 254, 413 P.2d 732, 733 (1966); *Maloof v. Raper Sales, Inc.,* 113 Ariz. 485, 487, 557 P.2d 522, 524 (1976).

late due process.[7] For the same reasons underlying our conclusion that Jobar was not shown to "have caused an event to occur" within Arizona under Rule 4(e)(2), we similarly believe that assertion of personal jurisdiction here would infringe applicable principles of due process as well.

■■■■ Federal law is controlling on the issue of due process. It is essentially a question of whether Jobar has sufficient "minimum contacts" with Arizona such that invoking jurisdiction there would be consistent with notions of "fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Although under this flexible standard a case-by-case determination necessarily must be made, this court has adopted a basic 3-step analysis in making such determinations. First, the nonresident defendant must do some act or consummate some transaction within the forum, however indirect it may be. Second, the claim must be one which arises out of, or results from, the defendant's activities within the forum, even if the actual claim comes to fruition in another state. Finally, the overall reasonableness of subjecting the defendant to the jurisdiction of the forum's court must be considered. *L. D. Reeder Contractors v. Higgins Industries, Inc.*, 265 F.2d 768, 773–74 n. 12 (9th Cir. 1959), *quoting* 47 *Geo. L.J.* 342, 351–52 (1958); *Aanestad v. Beech Aircraft Corp.*, 521 F.2d 1298 (9th Cir. 1974).

In our view, Jobar's contacts with Arizona are not sufficient to satisfy the due process test. Not only did Amba fail to show any sales of the allegedly cheaper imitations in Arizona by either Jobar or the California mail order houses, but Jobar clearly was not "doing business" in Arizona in the traditional sense. It is strictly a small California corporation with no solicitation, advertising or sales in Arizona and no sales office or representative there. We, of course, are aware of our court's prior language that minimum contacts with a forum state exist if the nonresident defendant purposely sets his product into the general stream of commerce, knowing or having reason to know that it will reach the forum state and create a potential risk of injury. *See Jones Enterprises, Inc. v. Atlas Service Corp., supra; Duple Motor Bodies, Ltd. v. Hollingsworth*, 417 F.2d 231 (9th Cir. 1969). In most cases espousing this principle, however, the product causing the risk or injury was admittedly within the forum state or the defendant had substantial commercial contacts with the forum state.[8] We find neither element present here and therefore do not believe that the cited cases require extension of personal jurisdiction over Jobar here.

■■■■ Finally, we deem important our court's observation that the reasonableness of a forum state's asserting personal jurisdiction over a nonresident defendant may be tested under standards analogous to these of *forum non conveniens*. *L. D. Reeder Contractors v. Higgins Industries, Inc., supra*, at 774 n. 12; *see* 2 *Moore's Federal Practice* ¶ 4.25[5], at 1172 (1964). We are

7. The Arizona courts have continued to analyze personal jurisdiction problems under the traditional 2-step analysis, thus determining first whether the nonresident defendant has caused an event to occur in Arizona within the meaning of Rule 4(e)(2), and then considering whether assertion of jurisdiction would accord with due process. *See Maloof v. Raper Sales, Inc., supra; Lycoming Division of Avco Corp. v. Superior Court*, 22 Ariz.App. 150, 152, 524 P.2d 1323, 1325 (1974).

8. An after-the-fact determination that a nonresident defendant knew or reasonably should have known that his product, after being injected into interstate commerce, ultimately would traverse to the forum state is a rather perfunc- tory task when the product's presence in the forum state has in fact been shown or is not in dispute. In *Jones Enterprises*, for example, there was at least some basis for imputing such knowledge to the various defendants, since each of their work products concededly ended up in the forum state of Alaska. *See also Duple Motor Bodies Ltd. v. Hollingsworth, supra; Bangor Punta Operations, Inc. v. Universal Marine Co., Ltd., supra* note 4; *Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137 (7th Cir. 1975). Nothing in the record here, however, gives rise to an inference of such knowledge on the part of Jobar, since the product's presence in the forum state was not established.

mindful of the fact that Amba has filed a similar action in the Central District of California, which action has been stayed pending final disposition of this appeal. Although personal jurisdiction determinations should not be based solely on the plaintiff's ability and willingness to sue elsewhere, it is at least relevant that Amba can and will pursue its claims in a forum where Jobar has genuine and substantial ties.[9]

Therefore, finding that no "event" has been caused by Jobar in Arizona under the state's long-arm rule, and that assertion of personal jurisdiction over Jobar here would violate principles of due process, we affirm the district court's dismissal.

9. Additionally, we note without deciding the issue that defendant Jobar also challenged venue over the patent infringement count of Amba's complaint. Under 28 U.S.C. Sec. 1400(b), a civil action for patent infringement may be brought in the district where the defendant resides, or where the defendant has committed acts of infringement *and* has a regular and established place of business. The first alternative prong of this venue statute clearly is not met, and the second prong is in the conjunctive, thus requiring that Jobar have a regular and established place of business in Arizona. Neither prong of this venue test therefore is satisfied here. Since this statute is mandatory and exclusive, *see Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); *Koratron Co., Inc. v. Lion Uniform, Inc.*, 449 F.2d 337 (9th Cir. 1971), dismissal of the patent infringement count would seem to have been required even if personal jurisdiction over Jobar existed. It would run contrary to policies of judicial economy and convenience to have this litigation conducted in piecemeal fashion when the entire action may be brought in the proper forum.