565 P.2d 864

MANUFACTURERS' LEASE PLANS,
INC., a corporation, Appellant,

v.

ALVERSON DRAUGHON COLLEGE, a
corporation, Appellee.

No. 12644.

Supreme Court of Arizona,
In Banc.

May 23, 1977.

John M. Draper, Castle Rock, Colo., Roger R. Marce, Phoenix, for appellant.

Beer, Kalyna & Simon, by Olgerd W. Kalyna and Thomas L. Toone, Phoenix, for appellee.

GORDON, Justice.

 This is an appeal from the trial court's judgment of dismissal for lack of jurisdiction. The issue before us is whether appellee has caused an event to occur in Arizona from which appellant's cause of action arose, and which would justify assertion of personal jurisdiction by our courts over a nonresident defendant without offending due process. We take jurisdiction pursuant to 17A A.R.S. Sup.Ct. Rules, rule 47(e). We find appellee's contacts with Arizona sufficiently substantial to require reversal of the trial court's ruling.

 16 A.R.S. Rules of Civil Procedure, rule 4(e)(2) authorizes Arizona courts to exercise personal jurisdiction over nonresident defendants who have "caused an event to occur in this state out of which the claim which is the subject of the complaint arose * * *." It is well settled that our long arm jurisdiction statute is intended to extend jurisdiction of Arizona courts to the extent permitted by the United States Constitution. *Maloof v. Raper Sales, Inc.*, 113 Ariz. 485, 557 P.2d 522 (1976); *Phillips v. Anchor Hocking Glass Corporation*, 100 Ariz. 251, 413 P.2d 732 (1966). It is equally well settled that two levels of analysis are necessary: (1) Has the defendant caused an event to occur in Arizona out of which the claim which is the subject of the complaint arose; and (2) is the exercise of personal jurisdiction over defendant consistent with the requirements of the due process clause of the Fourteenth Amendment. *Maloof v. Raper Sales, Inc.*, 113 Ariz. at 487, 557 P.2d at 524.

 When the existence of a personal jurisdiction under the long arm statute is appropriately challenged, as in this case, the party asserting jurisdiction has the burden of establishing it. *Taylor v. Portland Paramount Corporation*, 383 F.2d 634 (9th Cir. 1967); *Pegler v. Sullivan*, 6 Ariz.App. 338,

432 P.2d 593 (1967). When reviewing the grant of such a motion to dismiss, the court looks at the pleadings and the affidavits in support of and in opposition to the motion. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Magidow v. Coronado Cattle Company,* 19 Ariz.App. 38, 504 P.2d 961 (1972). *Maloof,* 113 Ariz. at 487, 557 P.2d at 524.

The facts relevant to this appeal, as revealed by pleadings and affidavits, center around very few transactions. On November 20, 1972, an equipment rental agreement was entered into between Data Computer Systems, Inc. a California corporation, lessor, and Alverson Draughon College, an Alabama corporation, as lessee. The agreement provided that Data Computer Systems would lease equipment to the College for use at the College in Huntsville, Alabama. Standardized language on the reverse side of the agreement indicated that (1) the lessor could assign its rights under the agreement, and (2) the agreement and any amendment attached to it would be governed by Arizona law.

On February 7, 1974, appellant, an Arizona corporation, indicated by letter to appellee that the original lease had been assigned to appellant and that appellee owed over $3,000.00 on the lease. New provisions were negotiated in order to avoid default, and in March of that year an Equipment Rental Renewal Agreement was executed. Subsequently appellant did declare appellee to be in default and later filed suit. Appellee's motion to quash service and dismiss for lack of jurisdiction was granted, and this appeal followed.

■ The fundamental standard against which exercises of personal jurisdiction are regularly measured was articulated in *International Shoe Co. v. State of Washington,* 326 U.S. 310 at 316, 66 S.Ct. 154 at 158, 90 L.Ed. 95 (1945). It is necessary that

"in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it

such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

We must determine not where this suit most fairly should be brought but whether it is unfairly brought in Arizona. A special factor is interjected by appellee's status as a consumer albeit a non-passive one. These are the aspects we will deal with.

■ In *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the United States Supreme Court held that due process requires a defendant to have purposefully availed himself of the privilege of conducting activities within the forum such that he was invoking the benefits and protections of its laws. This "purposeful" test seeks to avoid assertion of jurisdiction in situations where all contacts resulted from plaintiff's initiative. In *Phillips v. Anchor Hocking Glass Corporation,* 100 Ariz. 251, 413 P.2d 732 (1966), we recognized that a requirement of purposeful activity was inappropriate in negligence suits. Entering into a contract, however, is by its nature an intentional, purposeful act. In the case before us, appellee knowingly assented to the Renewal terms, which obligated appellant to "use its best efforts to make spare parts available to Alverson Draughon College within 10 days of the requirement therefor * * *." It was to appellee's advantage and benefit that appellant be contractually obligated to use its best efforts in Arizona to supply spare parts in Alabama. In that way appellee has tied itself commercially with Arizona, rendering fair an assertion of personal jurisdiction by our courts. *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961). One commentator has discussed the fundamental fairness which is the basis of this problem, saying:

"Probably the most that can be said in a general way is that due process embodies a test of fundamental fairness in all steps of the proceedings; that our sense of fairness is outraged by certain assertions of jurisdiction on the part of States unconnected with the parties or with the controversy; and that this sense of un-

fairness stems partly from the inconvenience and expense involved, partly from the idea of unfair surprise, partly from anticipation of an improper choice of law, and partly from more general notions of the limits of a state's rightful sovereignty." Currie, *The Growth of the Long Arm: Eight Years of Extended Jurisdiction in Illinois*, 1963 Univ. of Ill. L. F. 533 at 535.

In the lease before us, it is important to note that a substantial amount of money, $490 monthly, and a substantial lease period, one year, were involved. These factors increase the intimacy of appellee's relationship with Arizona. *See Drilling Eng., Inc. v. Independent Indon. Amer. Pet. Co.,* 283 So.2d 687 (La.1973); *Electro-Craft Corp. v. Maxwell Electronics Corp.,* 417 F.2d 365 (8th Cir. 1969). As we stressed before, whether another form is equally good or better does not bear on whether a prima facie showing has been made that our long arm statute confers jurisdiction which does not violate due process. We note also that the record does not indicate that the relative sizes of the litigants is so disproportionate that travel and convenience factors would weigh heavily in either side's favor. *Phillips v. Anchor Hocking, supra; McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). We view the facts alleged and feel Arizona courts would not violate due process by exercising in personam jurisdiction over this appellee. The most basic considerations, after all, are that fair play and substantial justice be achieved.

Some courts have distinguished nonresident *buyers* when analyzing in personam jurisdiction, and some have even declined to assert jurisdiction over them. *See Branstrom & Assoc., Inc. v. Community Memorial Hosp.,* 296 Minn. 366, 209 N.W.2d 389 (1973); *Tiffany Records, Inc. v. M. B. Krupp Distributors, Inc.,* 81 Cal.Rptr. 320, 276 Cal.App.2d 610 (1969). The quantum of contacts required to satisfy due process are generally held to be greater where nonresident buyer status is recognized. Furthermore, courts have tended to differentiate between buyers. *See* Note, *In Personam*

*Jurisdiction Over Nonresident Buyers: Louisiana Lengthens Its Long-Arm,* 34 La. L.Rev. 691 (1974). As the Sixth Circuit Court of Appeals explained in *In-Flight Devices Corporation v. Van Dusen Air, Inc.,* 466 F.2d 220 at 233 (6th Cir. 1972):

"In our economy the seller often initiates the deal, tends to set many, if not all of the terms on which it will sell, and, of course, bears the burden of producing the goods or services, in the course of which production injuries and other incidents giving rise to litigation frequently arise. The buyer, on the other hand is frequently a relatively passive party, simply placing an order, accepting the seller's price and terms as stated in his product advertising and agreeing only to pay a sum upon receipt of the goods or services. It is understandable that sellers more often seem to have acted in a manner rendering them subject to long-arm jurisdiction.

"The mere fact that a buyer is the defendant in a long-arm situation should not preclude an assertion of jurisdiction over such defendant, however. * * * To the extent the buyer vigorously negotiates, perhaps dictates, contract terms, inspects production facilities and otherwise departs from the passive buyer role it would seem that any unfairness which would normally be associated with the exercise of long-arm jurisdiction over him disappears." (Citations omitted).

Clearly appellee is not a passive consumer of goods, as evidenced by the contractual obligations appellant assented to in the letter of February 7, 1974. Although one might not classify appellee as a consumer with a profit motive, the equipment was clearly used in the business of education. Appellee's status as a nonresident buyer will not render unfair an assertion of personal jurisdiction by Arizona courts. The judgment of the trial court is reversed, and the case is remanded.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concurring.