564 F.2d 895
 BETHANY AUTO SALES, INC. and Anthony R. Zingarelli, Appellants,
v.
APTCO AUTO AUCTION, INC., Franks Auto Sales, Speedway Used
Cars, Inc., Bloomfield Lease Association, and Sam
La Fata, Appellees.
 No. 77-1740.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 17, 1977.
 
 John W. Acer, Phoenix, Ariz., for appellants.
 Andrew S. Gordon, of Lewis & Roca, Phoenix, Ariz., for appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before ELY, WRIGHT and CHOY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bethany Auto Sales, Inc. (Bethany) instituted suit against the appellees in the District Court. The District Court dismissed the action for lack of personal jurisdiction, and this appeal followed. We affirm.
 
 
 2
 Bethany's amended complaint relied solely upon diversity of citizenship for subject matter jurisdiction. 28 U.S.C. § 1332(a)(1) (1970).
 
 
 3
 Bethany is a used automobile dealer with its principal place of business in Phoenix, Arizona. Appellee Aptco Auto Auction, Inc. (Aptco) is an automobile auction house conducting business in Taylor, Michigan. Sam La Fata is Aptco's president. The other appellees are Michigan automobile dealers. All appellees are Michigan residents, and none of them has ever conducted business in Arizona, sent any representatives to Arizona, or made any automobile sales in Arizona. In March, 1976, Zingarelli, an officer of Bethany, went to Taylor, Michigan, where he purchased eight automobiles for Bethany from Aptco. Out of this transaction all three counts of Bethany's complaint arose. First, Bethany claimed that the mileage of three of the automobiles was misrepresented. All such representations occurred at the time of the sale in Michigan and in that State. Second, Bethany alleged that because it refused to pay for two of the vehicles, Aptco and La Fata caused other auto auction houses to blacklist Bethany. Aptco reported Bethany's refusal to pay to Aptco's insurance carrier, which circulated the allegedly defamatory report of nonpayment to various auctioneers throughout the country. According to Bethany, one such auction establishment was located in Phoenix, but the only auction businesses that Bethany claims to have refused to deal with it are located in other states. Third, Bethany contended that La Fata maliciously threatened to, and attempted to employ, Michigan criminal processes to collect the full sales price of the automobiles.
 
 
 4
 The only issue presented for review is whether the District Court correctly determined that it lacked personal jurisdiction over the appellees.[1]
 
 
 5
 A federal court may obtain in personam jurisdiction over nonresident defendants under the long-arm statute of the state in which the District Court is sitting so long as the exercise of such jurisdiction comports with federal due process. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Amba Marketing Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977); see Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 2579-80, 53 L.Ed.2d 683 (1977). Ariz.R.Civ.P. 4(e)(2) provides for personal jurisdiction over any person or corporation "which has caused an event to occur in the state out of which the claim which is the subject of the complaint arose." We look to Arizona's law, to the extent that it is consistent with the federal Constitution, to determine whether appellees "caused an event to occur" in Arizona within the meaning of the requirement. Amba Marketing, supra at 787.
 
 
 6
 Amba Marketing is dispositive. There, Amba Marketing claimed that a California corporation injured its business in Arizona by selling cheap imitations of Amba Marketing's merchandise to California mail order companies, which then distributed the merchandise in interstate commerce. The defendant corporation did not make sales in Arizona, and Amba Marketing alleged but failed to establish that the mail order houses resold the merchandise in Arizona. Our court affirmed the District Court's dismissal for lack of personal jurisdiction.
 
 
 7
 Amba's bare allegation of harm or injury suffered in the forum state does not constitute an "event" occurring within the state and thus does not by itself confer personal jurisdiction under Arizona's long-arm rule. See Houghton v. Piper Aircraft Corp., 112 Ariz. 365, 542 P.2d 24 (1975). Rather, the actual damage-causing event must have occurred in Arizona, not merely the effect of the event. Id.; see Jones Enterprises, Inc. v. Atlas Service Corp., 442 F.2d 1136 (9th Cir. 1971). Thus, the mere fact that Amba may have suffered injury to its good will or reputation, dilution of the value of its trademark, and damages from expected profits lost as a result of Jobar or the California mail order houses' sale of the cheaper imitations in states other than Arizona seemingly would not suffice to invoke personal jurisdiction in Arizona. We therefore conclude that the requirements of Rule 4(e)(2) have not been satisfied.
 
 
 8
 Id. at 788 (footnotes omitted). Moreover, the Amba Marketing court determined that, in the circumstances there, the retention of jurisdiction would have violated well-settled principles of due process.
 
 
 9
 Here, the causal nexus between appellees' conduct outside of Arizona and Bethany's alleged injury is identical to the nexus in Amba Marketing.[2] The appellees did absolutely nothing in Arizona that caused the alleged injury to Bethany. Bethany's complaint is that the conduct of the appellees adversely affected Bethany's Arizona business. Bethany does not argue, nor could it succeed in arguing, that its transportation of the automobiles into Arizona constitutes a jurisdictional "event" caused by the appellees to occur. Rather, Bethany contends that the appellees caused Bethany's name to be placed on an insurance company blacklist that was circulated interstate. Under Amba Marketing, injury to Bethany's business in Arizona resulting from the interstate publication of the allegedly defamatory blacklist does not suffice to confer personal jurisdiction over nonresident defendants without proof of publication in Arizona and resulting injury. Because the appellees challenged the jurisdiction of the court, it was Bethany's burden to establish the existence of a damage-causing event in Arizona. Data Disc, Inc. v. Systems Technology Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977); Amba Marketing, supra at 787; Maloof v. Raper Sales, Inc., 113 Ariz. 485, 487, 557 P.2d 522, 524 (1976). Bethany failed to come forward with adequate facts to support jurisdiction. Although an affidavit of Zingarelli stated that a Phoenix auto auction received the company blacklist, Bethany's complaint did not specify any Arizona auction business as one of the enterprises that refused to sell to Bethany.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The District Court dismissal specified improper venue in addition to lack of in personam jurisdiction. Although Bethany has not addressed the merits of the venue issue on appeal, its brief does request that this court vacate that part of the District Court's order. Because we affirm the dismissal on the ground of lack of personal jurisdiction, we do not reach the issue attempted to be raised in respect to the venue question
 
 
 [2]
 Powder Horn Nursery, Inc. v. Soil & Plant Laboratory, Inc., 20 Ariz.App. 517, 514 P.2d 270 (1973), and Pegler v. Sullivan, 6 Ariz.App. 338, 432 P.2d 593 (1967), the principal authorities relied upon by Bethany, are distinguishable. See Amba Marketing, supra at 787 n.3