**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MGA ENTERTAINMENT, INC., | No. 11-55813 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-08368-CBM-JCG |
| v. | |
| INNOVATION FIRST, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued January 11, 2013
Submitted May 20, 2013
Pasadena, California

Before: GOODWIN, HAWKINS, and WARDLAW, Circuit Judges.

MGA Entertainment, Inc. appeals from the district court's order dismissing

MGA's claims against Innovation First, Inc., Innovation First Labs, Inc., and

Innovation First International, Inc. (collectively, "IFI") for lack of personal

jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1.     The district court did not err by concluding that MGA failed to allege sufficient facts to make a prima facie showing that IFI has adequate "continuous and systematic" contact with California to support a finding of general personal jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2854 (2011). While MGA alleged that IFI maintains contacts with various California entities and actively contracts to sell their products in California, the alleged continuous activity is not sufficiently substantial to support the demand that IFI be amenable to suits unrelated to that activity. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945); *see also Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (holding that licensing agreements and other contracts with California companies were insufficient to confer general jurisdiction because they "constitute doing business with California, but do not constitute doing business in California").

MGA argues that general jurisdiction is proper because Defendant IP Defenders ("IPD"), a California corporation that holds all claims IFI has against MGA arising under Texas law, is the "alter ego" of IFI for jurisdictional purposes. *See Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001). IFI's sworn affidavit disclaiming an ownership interest in IPD sufficiently rebuts MGA's conclusory allegations that such an ownership relationship exists. *See Amba Mktg. Sys., Inc. v.*

2

*Jobar Int'l, Inc.*, 551 F.2d 784, 787-88 (9th Cir. 1977) (holding that "the party asserting jurisdiction has the burden of establishing its existence when challenged," and "[can]not simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction"). MGA argues that an ownership relationship is unnecessary to support an alter ego relationship for jurisdictional purposes, but it cites no cases for this proposition in its cursory argument on this point. Accordingly, this argument was insufficiently developed to merit appellate review. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (citation omitted)).

2.     Nor did the district court err in concluding that it lacked specific personal jurisdiction over IFI. IFI did not "expressly aim" its press release at California or MGA. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1153 (9th Cir. 2006). The press release was directed to the general public and did not mention MGA or any other California entity. *See Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012) (laying out the "purposeful direction" test for specific personal jurisdiction); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 807 (9th Cir. 2004) (concluding that an

3

advertisement published in an Ohio newspaper was not expressly aimed at California and did not give rise to specific jurisdiction). Further, IFI had no reason to foresee that the press release, which stated that IFI would "Defend Popular HEXBUG Nano Toys Vigorously Across the Entire Supply Chain," would cause harm to MGA or any other California resident. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998).

Although IFI "availed itself of the privilege of conducting activities in the forum," *Washington Shoe*, 704 F.3d at 672, when it incorporated IPD in California, MGA's various claims each accrued prior to IPD's incorporation. Accordingly, MGA's claims did not "arise from" the creation of IPD, and thus cannot form the basis for specific jurisdiction over IFI. *Unocal*, 248 F.3d at 924-25.

MGA's allegations that IFI "directly communicat[ed] false and misleading statements to MGA customers and retailers" are insufficiently supported to overcome the rule that a plaintiff cannot "simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba*, 551 F.2d at 787; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further

4

factual enhancement.") (internal citations and quotation marks omitted).

Accordingly, MGA failed to allege sufficient facts to make a prima facie showing that specific jurisdiction over IFI is proper.

**AFFIRMED.**