NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADAM PERZOW,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>MOSHE HOGEG; KENGES RAKISHEV;<br>JOSEPH CHEN; DOES, 2-10, 12-20,<br><br>              Defendants-Appellees. | No.   19-55763<br><br>D.C. No.<br>2:19-cv-02318-R-FFM<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted August 14, 2020<sup>**</sup>
Pasadena, California

Before: CALLAHAN, BUMATAY, and VANDYKE, Circuit Judges.

Adam Perzow ("Perzow") appeals the district court's grant of Moshe Hogeg's

("Hogeg") motion to dismiss for lack of personal jurisdiction. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo a district court's dismissal for lack of personal jurisdiction, *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017), and we may affirm the district court on any basis supported by the record. *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 992 (9th Cir. 2012). A district court has specific personal jurisdiction where (1) the non-resident defendant "purposefully avails himself of the privilege of conducting activities in the forum," (2) the claim "arises out of or relates to the defendant's forum-related activities," and (3) exercising jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) ("Terminator Test").[1] Only the first prong of Terminator Test is at issue here.[2]

Perzow claims Hogeg purposefully availed himself of jurisdiction in California in two ways. First, he alleges the parties formed an Oral Joint-Venture Agreement ("OJVA") at a November 3, 2014 meeting in Los Angeles. Second, he argues Hogeg's telephonic, email, and in-person negotiations with Perzow regarding both the alleged OJVA and a separate, written Asset Purchase Agreement ("APA")

---

[1] The "Terminator Test" arose from a dispute over the unauthorized use of the likeness of Schwarzenegger's *Terminator* character. *Schwarzenegger*, 374 F.3d at 799. If a plaintiff's claim fails to meet all three prongs of the test, the court must "terminate" the suit for lack of personal jurisdiction. *Id.* at 802, 807.

[2] Perzow's complaint alleges breach of an oral contract he and Hogeg purportedly negotiated and/or executed in California. *See Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990).

for the sale of the web domain "Invest.com" together constitute purposeful availment.[3]  Neither theory persuades.

Perzow fails to make a prima facie showing that he and Hogeg formed the OJVA in Los Angeles on November 3, 2014.  *Schwarzenegger*, 374 F.3d at 800 (when a motion to dismiss is based on documentary evidence, the plaintiff need only make a prima facie case that personal jurisdiction is proper).  In fact, Perzow's own supporting documentation fatally undermines this argument.  In an email to Hogeg the day after the November 3, 2014 meeting in Los Angeles, Perzow confirms the parties *did not* form the OJVA the night before.  ("Instead of focusing on what was discussed between us before I signed the [APA] with you, and whether or not my involvement was a condition for me singing [sic] the contract, *I think its* [sic] *just easier for us to discuss a role for me in the business*" (emphasis added).)  At the very best, this email shows Perzow encouraging Hogeg to negotiate an agreement that would accommodate Perzow's desire to be involved with Invest.com.  *See Bustamante v. Intuit, Inc.*, 45 Cal. Rptr. 3d 692, 703 (Cal. Ct. App. 2006) ("Preliminary negotiations or [agreements] for future negotiations are not the

---

[3] Perzow also claims Hogeg purposely availed himself of the forum by talking up his other California-based busines activities, which allegedly coaxed Perzow into selling Invest.com and entering the OJVA.

functional equivalent of a valid, subsisting agreement.").[4] Although Perzow's burden of proof at this stage is minimal, he cannot carry it.

His remaining arguments overstate California's importance to this alleged deal. Hogeg's representations about his other California-based businesses may well have helped induce Perzow to sign the APA and enter the alleged OJVA, but they had absolutely no bearing on whether the future performance under the alleged OJVA bore any connection to California. *See Picot v. Weston*, 780 F.3d 1206, 1213 (9th Cir. 2015) (observing that contacts are insufficient to create personal jurisdiction unless they create a substantial connection with the forum).

Hogeg's emails and phone calls with Perzow while Hogeg was outside of California, alone, are also insufficient to constitute purposeful availment. *See Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) ("[U]se of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state," unless it creates some substantial connection there.); *Picot*, 780 F.3d at 1213. And because

---

[4] Perzow's declarations don't save him. Neither asserts that the parties negotiated—much less consummated—the alleged OJVA at the November 3 meeting. Both merely confirm negotiations between Hogeg and Perzow took place over the phone in late October 2014, and that the two men met in Los Angeles on November 3, 2014. We are left therefore with Perzow's bare allegation (contradicted by his own documentary evidence) that the parties formed the OJVA at the Los Angeles meeting. *See Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977); *see also Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011) ("[We] need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint").

Perzow argues that the parties entered the OJVA (the only alleged agreement at issue here) in Los Angeles on November 3, 2014, he fails to make a prima facie case that the parties entered an agreement separate from the APA during these phone conversations that otherwise *might* create a substantial connection justifying jurisdiction. *Peterson*, 771 F.2d at 1262.

Similarly, negotiating a contract in the forum, by itself, is not purposeful availment unless the proposed contract envisions a substantial connection with the forum state. *Picot*, 780 F.3d at 1213; *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) ("As the Supreme Court has expressly cautioned, a contract alone does not automatically establish minimum contacts in the plaintiff's home forum." (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 480 (1987))); *Sher*, 911 F.2d at 1362. Neither Perzow's complaint nor his supporting declarations allege that the OJVA had any important connection with California. Apart from the November 3, 2014 meeting and a handful of emails and phone calls exchanged while Perzow or Hogeg were in-state, California as a forum was largely irrelevant.

Construing all of Perzow's factual allegations in his favor, *see Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003), he cannot establish a prima facie case that Hogeg's contacts with California underlying the instant claims created a "substantial connection" there. *Picot*, 780 F.3d at 1212. Hogeg and Perzow shared one meal in California to discuss a

concluded New York business deal which, at best, *possibly* included inconclusive discussions over Perzow's future involvement in a web company headquartered in Israel.  Insofar as the claims in this case are involved, between Hogeg and Perzow, California was little more than a backdrop for one dinner.  The district court accordingly did not err in dismissing this case for lack of personal jurisdiction.

**AFFIRMED.**