**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SHERIF A. PHILIPS, M.D.; Dr., | No.    19-17313 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00046 |
| v. | |
| PITT COUNTY MEMORIAL HOSPITAL, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Sherif Philips appeals the district court's dismissal of his case for lack of

personal jurisdiction.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Because the parties are familiar with the history of this case, we need not recount it here.

We review de novo a dismissal for lack of personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff has the burden of making a prima facie showing of personal jurisdiction, "uncontroverted allegations in the complaint must be taken as true", and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* However, a plaintiff cannot "simply rest on the bare allegations of its complaint." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

First, general personal jurisdiction does not exist. All defendants are residents of North Carolina, and have no "substantial" or "continuous and systematic" contacts with the forum territory. *See Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1171 (9th Cir. 2006). Nor does specific personal jurisdiction exist. Defendants' main contacts with Guam were to enforce the attorneys' fee award that the Defendants received from a North Carolina state court. But the district court properly concluded that this Guam Superior Court action did not give rise to Philips' claims, which instead primarily concern Philips' hospital suspension and challenges to the North Carolina court proceedings, and

2

that regardless "[t]he simple domestication of a foreign judgment… standing alone, is unlikely sufficient to confer personal jurisdiction on the judgment creditor." *See Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir. 2007). We also agree with the district court that Defendant Creech's 2007 letter to Guam Memorial Hospital, sent at Philips' attorney's request, does not constitute purposeful availment of the forum. Finally, Philips' claim that Defendants contacted a Guam newspaper to libel Philips is a controverted bare allegation for which Philips does not provide adequate support. *Amba*, 551 F.2d at 787 ("[Plaintiff] could not simply rest on the bare allegations of its complaint, but rather was obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.").

To the extent that Philips' appeal and motions (Dkt. 22; 34; 38) seek review or removal of the Defendant's Guam Superior Court action, we deny the motions and affirm dismissal of the case. The motions do not comply with the removal statute, 28 U.S.C. § 1446, and this Court no longer has jurisdiction to review judgments of the Guam Supreme Court, *see Santos v. Guam*, 436 F.3d 1051 (9th Cir. 2006). The district court likewise properly denied removal as untimely and barred by the forum defendant rule, 28 U.S.C. § 1441(b)(2), even when generously construing Philips' motions and complaint as requesting removal.

We deny Defendants' motion for costs and damages under Federal Rule of Appellate Procedure 38 (Dkt. 16).


**AFFIRMED.**