596 P.2d 698

**Antonio M. CHAVEZ, personal representative and father of Regina Chavez, Deceased, Appellant,**

**v.**

**STATE OF INDIANA for LOGANSPORT STATE HOSPITAL, Dr. Norman M. Beatty Memorial Hospital, Dr. T. G. Sheller, Appellees.**

No. 13560.

Supreme Court of Arizona, In Banc.

June 5, 1979.

Charles Christakis, Phoenix, for appellant.

Bruce E. Babbitt, John A. LaSota, Jr., Former Attys. Gen., Robert K. Corbin, Atty. Gen. by Thomas P. Prose, Asst. Atty. Gen., Phoenix, Theodore L. Sendak, Atty. Gen. by Robert S. Spear, Asst. Atty. Gen., and James R. Green, Deputy Atty. Gen., Indianapolis, Ind., for appellees.

HOLOHAN, Justice.

Plaintiff appeals from a decision of the Superior Court of Maricopa County dismissing plaintiff's claim for damages with prejudice pursuant to 16 A.R.S. Rules of Civil Procedure, Rule 12(b). This court has jurisdiction pursuant to 17A A.R.S. Rules of Civil Appellate Procedure, Rule 19(e).

Plaintiff, an Arizona resident, is the father of Regina Chavez, a ten-year-old child who was murdered by a former mental patient named John Byron Cuffle. Cuffle had committed a prior crime involving violence and sexual deviancy in Indiana in May of 1967. After being found incompetent to stand trial he was committed to the mental health division of the State of Indiana on an indefinite commitment on December 15, 1967. In September of 1971 Cuffle was released from care. Sometime thereafter Cuffle came to Arizona where, on September 17, 1973, he murdered plaintiff's daughter. Plaintiff sued Logansport State Hospital, Norman M. Beatty Memorial Hospital and Dr. T. G. Sheller, all Indiana residents, on the theory that defendants had negligently released Cuffle and that such negligence proximately caused the death of Regina Chavez.

Several issues are presented on appeal:

(1) Did the superior court have in personam jurisdiction over defendants;

(2) Does the Arizona superior court have jurisdiction over a sister state; and

(3) Is the cause of action barred by the statute of limitations.

The threshold question which must be answered is whether the superior court had in personam jurisdiction over the defendants.

Service was achieved on the defendants in the state of Indiana by registered mail pursuant to 16 A.R.S. Rules of Civil Procedure, Rule 4(e)(2), which provides that personal service outside the state may be obtained when:

". . . the defendant is . . . a corporation doing business in this state, or is a person, partnership, corporation or unincorporated association subject to suit in a common name which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose . . . ."

The U.S. Constitution limits a state's ability to achieve personal service outside its borders by means of a long-arm statute. The fourteenth amendment due process clause requires that a defendant have minimum contacts with the forum state so that forcing him to defend the action will not violate fundamental principles of fairness. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Arizona has adopted the minimum contacts rationale of *International Shoe* and *McGee* in *Phillips v. Anchor Hocking Glass Corp.*, 100 Ariz. 251, 413 P.2d 732 (1966). When the fourteenth amendment minimum contacts test is ap-

plied in conjunction with Rule 4(e)(2) they form a two-stage test: (1) has defendant done business or caused an event to occur in the state out of which the claim which is the subject of the complaint arose, and (2) is the exercise of personal jurisdiction over the defendant consistent with requirements of the due process clause of the fourteenth amendment. *Maloof v. Raper Sales, Inc.,* 113 Ariz. 485, 557 P.2d 522 (1976); 16 A.R.S. Rules of Civil Procedure, Rule 4(e)(2); U.S. Const. Amend. XIV.

The first stage of the minimum contacts test was met by the allegations of the complaint. The question remains, conceding for purposes of the motion that the plaintiff can prove negligence and causation, whether in fairness this state can assume jurisdiction over the nonresident defendants. *See Phillips v. Anchor Hocking Glass Corp., supra.* In considering the issue of jurisdiction, the court reviews the pleadings and the affidavits filed by the parties keeping in mind that the plaintiff has the burden of establishing jurisdiction. *Maloof v. Raper Sales, Inc., supra.* From our review of the record we find that appellant failed to establish sufficient justification for the exercise of personal jurisdiction by this state over the nonresident defendants. The facts in this case are distinguishable from those in *Maloof* and *Phillips* in which products or commercial transactions were involved.

Where jurisdiction is sought to be exercised based on an act done outside the state which causes effects within the state, the Restatement (Second) of Conflict of Laws § 37 comment a (1971) suggests that:

"There are three possible situations: (1) The act was done with the intention of causing effects in the state; (2) the act, although not done with the intention of causing effects in the state, could reasonably have been expected to do so; and (3) the act was not done with the intention of causing effects in the state and could not reasonably have been expected to do so.

.     .     .     .     .

"Finally, there will be situations where the act was not done with the intention of causing effects in the state and where the defendant had no reason to suppose that his act outside the state would result in effects within the state. In these circumstances the state is unlikely to have judicial jurisdiction over the defendant unless both the plaintiff and the defendant have an extensive relationship to the state (cf. *Hanson v. Denckla,* 357 U.S. 235, [78 S.Ct. 1228, 2 L.Ed.2d 1283] (1958)).

The limited record available indicates that this case falls within the third possible situation described above. The defendants did not have any direct contact with the state of Arizona. The alleged negligent act of releasing Cuffle from confinement occurred in Indiana. There is no . evidence that the defendants knew or had any reason to believe that Cuffle upon his release was going to Arizona. The record does not indicate that Dr. Sheller has ever practiced medicine in Arizona or had any contact whatsoever with Arizona in a professional sense. No proof was adduced regarding the date Cuffle arrived in this state nor any indication that defendants had any control over his decision to come here. It was nearly two years after Cuffle's release that the crime in question was committed. It is not alleged or proven that any of the defendants treated or conversed with Cuffle during the two-year period between his release and the murder.

We conclude that the superior court was without in personam jurisdiction over defendants and therefore correct in dismissing plaintiff's complaint. Since the dismissal was based on lack of jurisdiction, and not on the merits, the trial court should have dismissed the claim without prejudice.

In light of our disposition of this case on the jurisdictional issue we need not decide the question of the jurisdictional power of a state court to litigate disputes between its citizens and a sister state. We note that the United States Supreme Court in the recent case of *Nevada v. Hall,* —— U.S. ——, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979) has ruled that there is nothing in the United States Constitution which forbids a citizen of one state from suing another state in

the courts of the first state. Each state must decide whether as a matter of comity to grant immunity to a sister state sued in its courts. We make no decision on the issue since none is required in this case.

It is not necessary that we rule on the other issues raised by appellant concerning the statute of limitations or validity of service.

The judgment of the trial court is reversed, and the case is remanded with directions to dismiss the action against all defendants without prejudice.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS, J., concur.

GORDON, Justice (specially concurring):

I agree that the matter must be reversed and the case dismissed without prejudice. However, I am unable to agree with the reasoning of the majority in doing so.

The majority concludes that the exercise of personal jurisdiction over the defendants in Arizona would be inconsistent with the requirements of due process, because the defendants could not foresee that the released man would come to Arizona, and because the defendants had no contact with Arizona. I disagree with the majority's conclusion that it was unforeseeable that a man who was found to be dangerous in Indiana might come to Arizona.

Moreover, I disagree with the majority's indication that the due process issue can be answered merely by determining if the defendants could foresee that their actions would cause an event to occur in Arizona. In *Phillips v. Anchor Hocking*, 100 Ariz. 251, 413 P.2d 732 (1966), this Court discussed the pitfalls of using solely a foreseeability test to determine if the exercise of personal jurisdiction was consistent with the requirements of due process. Instead, in both *Phillips, supra*, and *Maloof v. Raper Sales, Inc.*, 113 Ariz. 485, 557 P.2d 522 (1976), this Court's determination of the due process issue hinged on an analysis of what was the fairest forum. In *Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784 (9th Cir., 1977) the Ninth Circuit came to a similar conclusion and stated that the overall reasonableness of subjecting the defendant to the jurisdiction of the forum court must be considered when determining if invoking jurisdiction would be consistent with the requirements of due process.

The bottom line of the majority's opinion seems to be that there is one test for determining the propriety of Arizona's invoking in personam jurisdiction in cases that involve products or commercial transactions and another test when deciding if in personam jurisdiction should be invoked in cases such as this, which involve the furnishing of other services. I feel that the distinction is unsupported by precedent and is illogical when viewed in the light of modern technology, the abandonment of sovereign immunity from tortious acts, the realities of malpractice insurance and the mobility of people within the United States.

Therefore, although I agree with the majority that this matter should be dismissed without prejudice, I do so because the plaintiff's complaint fails to allege that Arizona is the fairest forum for all concerned.