**C. Eugene COOK and Harriet J. Cook, Individually and as husband and wife, Appellants,**

v.

**Noel P. FOX et al., Appellees.**

**No. 74–3470.**

United States Court of Appeals, Ninth Circuit.

May 25, 1976.

Rehearing Denied June 22, 1976.

Richard L. Basinger, Scottsdale, Ariz., for appellants.

George B. Nielson, Jr., Asst. U. S. Atty., Phoenix, Ariz., for appellees.

Before DUNIWAY and GOODWIN, Circuit Judges, and CURTIS,* District Judge.

PER CURIAM:

In 1973, C. Eugene Cook was named a defendant in federal securities litigation in the Western District of Michigan. After moving to Arizona in 1974, Cook became displeased with certain orders filed in the

---

* The Honorable Jesse W. Curtis, Senior United ·States District Judge for the Central District of California, sitting by designation.

Michigan litigation which prevented the removal of contested assets from the jurisdiction of the court. Cook and his wife thereupon sued United States District Judge Noel P. Fox and his wife for damages, filing the action in the United States District Court for the District of Arizona. The district court in Arizona dismissed the action for want of personal jurisdiction over the named defendants, and Cook appeals. We affirm.

■ Personal jurisdiction in a federal court may be obtained pursuant to Fed.R. Civ.P. 4(d)(7) by reference to the jurisdictional law of the state in which the federal court sits. The relevant part of Arizona's "long arm" statute provides:

"When the defendant * * * is a person * * * which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made * * * and when so made shall be of the same effect as personal service within the state." Ariz.R.Civ.Proc. 4(e)(2).

The Foxes cannot be said to have "caused" any event giving rise to the Cooks' complaint within the state of Arizona.

■ Furthermore, the court orders entered in a federal court sitting in Michigan, preventing the transfer of property within the jurisdiction of that court, do not sufficiently affect persons or property in Arizona to create even the minimal contacts necessary to satisfy due process. *See Aanestad v. Beech Aircraft Corp.,* 521 F.2d 1298 (9th Cir. 1974). Because the court sitting in Arizona had no personal jurisdiction of the named defendants, it is not necessary to discuss other alleged defects in the plaintiffs' case.

■ The district judge did not abuse his discretion under 28 U.S.C. § 1406(a) in dismissing the action rather than transferring it to the district court for Michigan.

Affirmed.