Patricia A. CHANDLER, Roger Chandler, Plaintiffs,

v.

F. Hampton ROY, M.D., et al., Defendants.

No. CIV–97–573–PHX–ROS.

United States District Court, D. Arizona.

Nov. 29, 1997.

1206

Randall Hall Stoner, Law Offices of Robert J. Glynn, San Francisco, CA, for Patricia A. Chandler, Roger Chandler.

Tonia Peoples Jones, Friday Eldredge & Clark, Little Rock, AR, Peter G. Kline, Crawford & Kline, Tempe, AZ, for F. Hampton Roy, M.D., Arkansas Cataract Center, P.A.

Duane A. Olson, Robert H. Feinberg, Olson Jantsch Bakker & Blakey, P.A., Phoenix, AZ, for Charles Casebeer, M.D.

## ORDER

SILVER, District Judge.

Pending before the Court are Defendants' Motions to Dismiss for lack of personal jurisdiction. For the following reasons, Defendants' Motions to Dismiss are granted.

### BACKGROUND

On March 23, 1995, Dr. F. Hampton Roy ("Roy") performed a surgical procedure, Automated Lamellar Keratoplasty ("A.L.K."), on Patricia Chandler ("Plaintiff") to correct myopic astigmatism in her left eye. (Compl. ¶ 17; Defendants Weinberg and Steinway's Mot. to Dismiss ("MTD1") at 2.) Roy per-

formed A.L.K. on Plaintiff at the Arkansas Cataract Center, P.A. ("A.C.C."). (MTD1 at 2.) Roy used an Automated Corneal Shaper ("A.C.S.") to perform A.L.K. on Plaintiff. (Compl.¶ 18.) In the course of the A.L.K., Plaintiff's cornea and the anterior surface of her eye lens were damaged. (Compl.¶ 17.)

In December 1994, Roy had purchased the A.C.S. in Arkansas from Chiron Vision Corporation ("Chiron"). (MTD1 at 3.) Prior to performing A.L.K. on Plaintiff, Roy attended a two-day surgical training seminar on the proper assembly and use of the A.C.S. (Compl. ¶¶ 12–13; MTD1 at 3.) Dr. Charles Casebeer ("Casebeer") conducted the training seminar at his office in Arizona.[1] (Compl. ¶ 13; MTD1 at 3, Ex. C at 27–28.)

On March 20, 1997, Patricia Chandler and Roger Chandler ("Plaintiffs") filed a Complaint against the following Defendants: (1) Roy; (2) A.C.C.; (3) Eric Weinberg ("Weinberg"); (4) Steinway Instrument Co. ("Steinway"); (5) Casebeer; (6) Hansa Research & Development, Inc.; and (7) Kerasys International. The Complaint alleges four causes of action against all Defendants: gross negligence, breach of implied warranty, breach of express warranty, and loss of consortium. It alleges two additional causes of action against Defendants Weinberg and Steinway: negligence and strict products liability. And it alleges five additional causes of action against Defendants Roy and A.C.C.: medical malpractice, fraud, negligent misrepresentation, breach of fiduciary duty, and lack of informed consent. On May 30, 1997, Defendants Roy and A.C.C. and Defendants Weinberg and Steinway filed Motions to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Plaintiffs, husband and wife, were residents of Colorado when they filed the Complaint, but were residents of Arkansas when Plaintiff's injury occurred. (Compl. ¶¶ 1–3; MTD1 at 2.) Defendant Roy, owner of the A.C.C., is an ophthalmologist and a resident of Arkansas. (Compl. ¶ 4; Roy Aff. attach. to Defs. Roy and A.C.C.'s Mot. to Dismiss ("MTD2").) Defendant A.C.C. is a profes-

---

1. Defendant Roy had previously attended a one-day training course on the proper use of the A.C.S. in Boston, Massachusetts. (Defs. Weinberg and Steinway's Reply Mem. ("Reply1") at 1.)

sional association organized and existing under the laws of Arkansas, with its principal place of business in Little Rock, Arkansas. (Compl. ¶ 5; Roy Aff. at 2.)

Defendant Weinberg, the sole employee of Steinway, is a resident of California (Compl. ¶ 9; Weinberg Aff. attach. to MTD1 ¶¶ 1, 20.) He has never lived or worked in Arizona (Weinberg Aff. ¶ 1.) Defendant Steinway is a corporation with its principal place of business in San Diego, California. (Compl. ¶ 10; Weinberg Aff. ¶ 2.)

## LEGAL DISCUSSION

### I. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION STANDARD

#### A. The Burden of Proof and Evidence Considered

##### 1. The Legal Standard

 The plaintiff has the burden of establishing personal jurisdiction. *See Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir.1995) (citing *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir.1990)); *Data Disc, Inc. v. Systems Technology Associates*, 557 F.2d 1280, 1285 (9th Cir.1977) (citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278, 57 S.Ct. 197, 200, 81 L.Ed. 183 (1936)); *Amba Mktg. Sys. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir.1977) (citing *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir.1967)). A defendant may move prior to trial to dismiss a complaint for lack of personal jurisdiction. *See Data Disc*, 557 F.2d at 1284 (citing Fed.R.Civ.P. 12(b)(2)). Because no statutory method for resolving the personal jurisdiction issue exists, the district court determines the method of its resolution. *See Data Disc*, 557 F.2d at 1285 (citing *Gibbs v. Buck*, 307 U.S. 66, 71–72, 59 S.Ct. 725, 728–29, 83 L.Ed. 1111 (1939)). A dis-

trict court may allow discovery to help it determine whether it has personal jurisdiction over the defendant. *See Data Disc*, 557 F.2d at 1285 n. 1 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir.1977)). In addition, a district court may hear evidence at a preliminary hearing to determine its jurisdiction. *Id.* at 1285, 1285 n. 2. At such a preliminary hearing, the plaintiff must establish the jurisdictional facts by a preponderance of the evidence. *Id.* at 1285.

 However, if the district court does not hear testimony or make findings of fact and permits the parties to submit only written materials,[2] then the plaintiff must make only a prima facie showing of jurisdictional facts through the submitted materials to defeat the defendant's motion to dismiss.[3] *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.1995); *Ziegler*, 64 F.3d at 473; *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir.1995) (citing *Data Disc*, 557 F.2d at 1285, and *Farmers*, 907 F.2d at 912). Under this prima facie burden of proof, the plaintiff need only establish facts that if true would support jurisdiction over the defendant. *See Ballard*, 65 F.3d at 1498 (citing *Data Disc*, 557 F.2d at 1285); *Omeluk*, 52 F.3d at 268.

##### 2. Evidence Considered on Motion

The Court has considered the following materials submitted by Plaintiffs: (1) a Complaint stating eleven causes of action; (2) an Opposition to Defendants Roy and A.C.C.'s Motion to Dismiss ("Opp'n2"); (3) the Declaration of Randall H. Stoner in Opposition to Defendants Roy and A.C.C.'s Motion to Dismiss; (4) an Opposition to Defendants Weinberg and Steinway's Motion to Dismiss; and (5) the Declaration of Randall H. Stoner in Opposition to Defendants Weinberg and Steinway's Motion to Dismiss.

---

2. The written materials may consist of the pleadings, declarations, affidavits, deposition testimony, exhibits or other evidence. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir.1995).

3. Any higher burden, such as proof by a preponderance of the evidence, would allow a defendant to obtain a dismissal simply by challenging the

facts set forth by a plaintiff through his own written materials. *See Data Disc*, 557 F.2d at 1285. However, if the plaintiff survives the motion to dismiss under a prima facie burden of proof, he still must prove the jurisdictional facts by a preponderance of the evidence at a preliminary hearing or at trial. *Id.* at 1285 n. 2 (citing *Wells Fargo*, 556 F.2d at 430 n. 24).

The Court has considered the following materials submitted by Defendants Roy and A.C.C.: (1) Roy and A.C.C.'s Motion to Dismiss; (2) Roy's affidavit (attach. to MTD2); (3) Roy's deposition testimony (*Id.*, at 1, 26–29, 31, 142); (4) Roy and A.C.C.'s Reply in support of their Motion to Dismiss ("Reply2"). In addition, the Court has considered the following materials submitted by Defendants Weinberg and Steinway: (1) Weinberg and Steinway's Motion to Dismiss; (2) the affidavit of the custodian of records for the Chiron Vision Corporation (MTD1 Ex. A); (3) the deposition testimony of Defendant Roy (MTD1 Ex. C, pp. 1–6, 19–30; Reply1 Ex. B, at 73–78); (4) Weinberg's affidavit (MTD1 Ex. D); and (5) Weinberg and Steinway's Reply in support of their Motion to Dismiss.

Because the Court has permitted the parties to submit only written materials, Plaintiffs must make only a prima facie showing of jurisdictional facts through their submitted materials to defeat Defendants' Motions to Dismiss. *See Omeluk*, 52 F.3d at 267. Under this prima facie burden of proof, Plaintiffs need only establish facts that if true would support jurisdiction over Defendants. *See id.* at 268; *Ballard*, 65 F.3d at 1498.

## B. Substantive Personal Jurisdiction

Arizona's long-arm statute applies to this case because no applicable federal statute governing personal jurisdiction exists. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir.1995) (citing *Core–Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir.1993)); *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir.1977) (citing *Cook v. Fox*, 537 F.2d 370 (9th Cir. 1976)). Arizona's long-arm statute provides for personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a);[4] *see Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir.1997).

 Absent traditional bases for personal jurisdiction (physical presence, domicile or consent) the Due Process Clause re-

quires that nonresident defendants have certain *minimum contacts* with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Doe*, 112 F.3d at 1050; *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir.1977). The Due Process Clause protects a defendant's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269–70 (9th Cir.1995) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72, 105 S.Ct. 2174, 2181–82, 85 L.Ed.2d 528 (1985)). "By requiring that individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign,' the Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Id.* at 270 (quoting *Burger King*, 471 U.S. at 472, 105 S.Ct. at 2182 (internal citations omitted)).

In determining whether a defendant had minimum contacts with the forum state such that the exercise of jurisdiction over the defendant would not offend the Due Process Clause, courts focus on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977). If a court determines that a defendant's contacts with the forum state are sufficient to satisfy the Due Process Clause, then the court must exercise either *general* or *specific* jurisdiction over the defendant. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–15, nn. 8–9, 104 S.Ct. 1868, 1872, nn. 8–9, 80 L.Ed.2d 404 (1984); *Doe*, 112 F.3d at 1050; *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir.1995) (citing *Reebok Int'l Ltd. v. McLaughlin*, 49

---

4. Rule 4.2(a) states: "A court of this state may exercise personal jurisdiction over parties, whether found within or outside the state, to the maximum extent permitted by the Constitution of this state and the Constitution of the United States...." Ariz. R. Civ. P. 4.2(a).

F.3d 1387, 1391 (9th Cir.1995)). The nature of the defendant's contacts with the forum state will determine whether the court exercises general or specific jurisdiction over the defendant. *Id.*

### 1. General Jurisdiction

■ A court may assert general jurisdiction over a defendant "[i]f the defendant's activities in the state are 'substantial' or 'continuous and systematic,' . . . even if the cause of action is unrelated to those activities." *Doe,* 112 F.3d at 1050–51 (quoting *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1396 (9th Cir.1986)); *see Ziegler,* 64 F.3d at 473; *Scott v. Breeland,* 792 F.2d 925, 927 (9th Cir.1986); *Data Disc,* 557 F.2d at 1287 (citing *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 446–47, 72 S.Ct. 413, 418–19, 96 L.Ed. 485 (1952)).

### 2. Specific Jurisdiction

If a defendant has not had substantial or continuous and systematic contacts with the forum state, then the court must determine whether the defendant has had *minimum contacts* with forum state such that the court may exercise specific jurisdiction over the defendant without offending the Due Process Clause. *See Core–Vent,* 11 F.3d at 1485; *International Shoe,* 326 U.S. at 316, 66 S.Ct at 158. In determining whether a defendant has had contacts with the forum state sufficient to subject himself to the state's specific jurisdiction, the Ninth Circuit applies the following three part test:

(1) The nonresident defendant must purposely direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he *purposefully avails* himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which *arises out of* or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be *reasonable.*

Core–Vent, *11 F.3d at 1485 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.1987))* (emphasis added); see Burger King, *471 U.S. at 472–76, 105 S.Ct. at 2181–84;* Doe, *112*

F.3d at 1051 *(citing Omeluk, 52 F.3d at 270);* Scott, *792 F.2d at 927;* Data Disc, *557 F.2d at 1287;* Amba Mktg, *551 F.2d at 789* (citing L.D. Reeder Contractors v. Higgins Indus., Inc., 265 F.2d 768, 773–74 n. 12 (9th Cir. 1959)).

#### a. Purposeful Availment

■ In analyzing the "purposeful availment" requirement of the specific jurisdiction test, the Ninth Circuit performs a qualitative evaluation of the defendant's contact with the forum state to determine whether the " 'defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' " *Core–Vent,* 11 F.3d at 1484 (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490(1980)). The Ninth Circuit has determined that " '[p]urposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state.' " *Doe,* 112 F.3d at 1051 (quoting *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir.1990) *rev'd on other grounds,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)); *see Burger King,* 471 U.S. at 475, 105 S.Ct. at 2174 (stating that defendant must "purposely avail [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws"); *Ballard,* 65 F.3d at 1498; *Roth v. Garcia Marquez,* 942 F.2d 617, 621 (9th Cir.1991) (quoting *Sinatra v. National Enquirer,* 854 F.2d 1191, 1195 (9th Cir.1988)). This "affirmative conduct" requirement ensures that a defendant " 'will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person.' " *Doe,* 112 F.3d at 1051 (quoting *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2183); *see Ziegler,* 64 F.3d at 473; *Roth,* 942 F.2d at 621. A defendant has engaged in affirmative conduct and thereby "purposely availed himself of the benefits of a forum if he has deliberately 'engaged in significant activities within a State or has created "continuing obligations" between himself and the residents of the

forum.'" *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 761 (9th Cir.1990).

### b. Arising Out of Forum–Related Activities

■ The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's claim arises out of a defendant's forum related activities. *Doe*, 112 F.3d at 1051; *see Omeluk*, 52 F.3d at 271. The "arising out of" requirement of the specific jurisdiction test is met if "but for" the contacts between the defendant and the forum state, the cause of action would not have arisen. *See Terracom*, 49 F.3d at 561. In *Shute v. Carnival Cruise Lines*, the Ninth Circuit reasoned that:

> [t]he 'but for' test is consistent with the basic function of the 'arising out of' requirement—it preserves the essential distinction between general and specific jurisdiction. Under this test, a defendant cannot be haled into court for activities unrelated to the cause of action in the absence of a showing of substantial and continuous contacts sufficient to establish general jurisdiction.... The 'but for' test preserves the requirement that there be some nexus between the cause of action and the defendant's activities in the forum.[5]

897 F.2d at 385.

### c. Reasonableness of Exercising Jurisdiction

■ An unreasonable exercise of jurisdiction violates the Due Process Clause even if the "purposeful availment" and "arising out of" requirements of the specific jurisdiction test are satisfied. *See Ziegler*, 64 F.3d at 474–75; *see also International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158(1945) (holding that the exercise of personal jurisdiction must "not offend traditional notions of fair play and substantial justice"). However, a court presumes that its exercise of jurisdiction over a defendant is reasonable if the first two requirements of the specific jurisdiction test are met. *See Ballard*, 65 F.3d at 1500 (citing *Sher v. Johnson*, 911 F.2d 1357, 1364 (9th Cir.1990)). If the two requirements are satisfied, then the defendant has the burden of proof and must " 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.' " *Id.* (quoting *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2184).

The Ninth Circuit considers the following factors to determine whether the exercise of specific jurisdiction is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *See Ziegler*, 64 F.3d at 475 (citing *Terracom*, 49 F.3d at 561); *Core-Vent*, 11 F.3d at 1487–88 (citing *Paccar Int'l, Inc. v. Commercial Bank of Kuwait*, 757 F.2d 1058, 1065 (9th Cir.1985)) *see also World–Wide Volkswagen*, 444 U.S. at 292, 100 S.Ct. at 564 (listing several of the seven factors)

## II. ANALYSIS

### A. Specific Jurisdiction Over Defendants Roy and A.C.C.[6]

#### 1. Purposeful Availment

Defendant Roy's only contact with Arizona was a one-time, two–day visit to Casebeer's office to learn how to properly assemble and use the A.C.S.[7] (MTD1 at 3; Compl. ¶¶ 12–

---

5. Although the Supreme Court reversed *Shute* in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), the "but for" test remains viable because the Court did not consider the personal jurisdiction issue. *Carnival*, 499 U.S. at 589, 111 S.Ct. at 1525 ("Because we find the forum-selection clause to be dispositive of this question, we need not consider petitioner's constitutional argument as to personal jurisdiction."); *see Doe*, 112 F.3d at 1051 n. 7.

6. Plaintiffs do not assert that this Court has general jurisdiction over Defendants Roy and A.C.C. (Reply2 at 5.)

7. Hereinafter, references to Defendant Roy include Defendant A.C.C. because his activities and those of A.C.C. are one and the same. (MTD2 at 3.)

13.) Plaintiffs conclude that Defendant Roy engaged in affirmative conduct when he attended Casebeer's seminar, thereby purposely availing himself of the privilege of conducting activities in Arizona. (Opp'n2 at 6.) Plaintiffs allege that Defendant Roy "attended the mini-fellowship [in A.L.K.] to advance his personal economic interests because successful completion of the course was required before he was able to purchase the single use blades required for the A.C.S." [8] *Id.* According to Plaintiffs, "Dr. Roy's advancement of his economic interests by attending the mini-fellowship in Arizona [was] a deliberate action within the forum state and so satisfies the purposeful availment branch of the Ninth Circuit's test." *Id.* at 7.

■ Plaintiffs incorrectly conclude that Defendant Roy's training in Arizona satisfies the purposeful availment requirement. The "purposeful availment" requirement ensures that a defendant "will not be haled into a jurisdiction solely as a result of random, fortuitous, or *attenuated* contacts ..." *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir.1997) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (emphasis added)); *see Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (1990). Defendant Roy did not engage in significant activities in Arizona or create continuing obligations between himself and the residents of Arizona when he attended a one-time, two-day training seminar in Arizona. Defendant Roy's contacts with Arizona "fall in the category of 'attenuated contacts' insufficient in themselves to establish that [Defendant Roy has] purposely availed [himself] of the benefits and protections of the forum's law." *Gray & Co.*, 913 F.2d at 761.

Moreover, in analyzing the purposeful availment requirement, the Ninth Circuit performs a qualitative evaluation of the defendant's contact with the forum to determine whether the " 'defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' " *Core–Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir.1993) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). Defendant Roy's attendance at a two-day training seminar in Arizona would not cause him to reasonably anticipate being haled into an Arizona court. Because Defendant Roy's contact with Arizona was attenuated and because he could not reasonably anticipate being haled into a court in Arizona, the purposeful availment requirement of the specific jurisdiction test has not been satisfied.

### 2. Arising Out of Forum– Related Activities

■ Plaintiffs need only establish that their cause of action would not have arisen "but for" Defendant Roy's contacts with Arizona.[9] *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir.1995); *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir.1995); *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th cir.1990) *rev'd on other grounds*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Plaintiffs argue that their cause of action "arose out of [Defendant] Roy's participation in the Arizona training where he failed to learn how to properly inspect the ACS to determine whether it was in fit condition to be used upon a person's eye." (Opp'n2 at 8.) Under the prima facie burden of proof, Plaintiffs have established that "but for" Defendant Roy's allegedly negligent training in Arizona, the injury would not have occurred. *See Gray & Co.*, 913 F.2d at 761 ("We have recently adopted the 'but for' test to determine the 'arising out of' requirement. Since [plaintiff] would not have been injured if defendants had not contracted to sell the defective filter, this element is satisfied.").

---

8. Plaintiffs allege that Defendants Weinberg and Steinway "refuse to supply blades and other replacement parts for the Shaper to persons who have not participated in [the] seminars." (Compl.¶ 12.)

9. Prior to the Ninth Circuit's adoption of the "but for" test, it had previously held that the actual damage-causing event must have occurred in the forum state. *See Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir.1977) ("the actual damage-causing event must have occurred in Arizona, not merely the effect of the event").

### 3. Reasonableness

■ An unreasonable exercise of personal jurisdiction violates the Due Process Clause. *See International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Ziegler v. Indian River County*, 64 F.3d 470, 474–75 (9th Cir.1995). The Ninth Circuit considers seven factors to determine whether the exercise of specific jurisdiction is reasonable. *Ziegler*, 64 F.3d at 475.

#### a. The Extent of Purposeful Interjection

"The degree to which a defendant interjects himself into the state affects the fairness of subjecting him to jurisdiction." *Data Disc, Inc. v. Systems Technology Associates*, 557 F.2d 1280, 1288 (9th Cir.1977). Because the Court finds that Defendant Roy's contact with Arizona was attenuated, this factor weighs in favor of Defendant Roy. *See Terracom*, 49 F.3d at 561.

#### b. The Burden on Defendant Roy

■ The burden to Defendant Roy of litigating in Arizona is equal to the burden facing Plaintiffs of litigating in Arkansas. "Where burdens are equal, this factor tips in favor of the defendant because the law of personal jurisdiction is 'primarily concerned with the defendant's burden.'" *Ziegler*, 64 F.3d at 475 (citing *Terracom*, 49 F.3d at 561); *see Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir.1991). Accordingly, this factor weighs in favor of Defendant Roy.

#### c. The Conflict with the Sovereignty of Arkansas

■ "A state has a special interest in exercising jurisdiction over those who have committed tortious acts within the state. By subjecting the tortfeasor to liability for damages which are the proximate result of the tort, the state acts to deter wrongful conduct which affects those within the state." *Data Disc*, 557 F.2d at 1288; *see Roth*, 942 F.2d at

624. Furthermore, "'[a state] maintains a strong interest in providing an effective means of redress for its residents [who are] tortiously injured.'" *Core–Vent*, 11 F.3d at 1489 (quoting *Sinatra v. National Enquirer*, 854 F.2d 1191, 1200 (9th Cir.1988)). Applying these principles of public policy to the case at hand, the Court finds that Arkansas has a strong and special interest in adjudicating this litigation for two reasons: (1) the allegedly tortious act occurred in Arkansas; and (2) Plaintiffs were residents of Arkansas when their cause of action arose.[10] Accordingly, this factor weighs in favor of Defendant Roy.

#### d. Arizona's Interest

■ As discussed above, a state maintains a strong and special interest in exercising jurisdiction over those who commit tortious acts *within its borders* and in providing an effective means of redress for *its residents* who are tortiously injured. *See Data Disc*, 557 F.2d at 1288; *Core–Vent*, 11 F.3d at 1489. On the other hand, a state has little interest in exercising jurisdiction over those who commit tortious acts upon nonresidents outside its borders. *See Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 118–19, 107 S.Ct. 1026, 1035, 94 L.Ed.2d 92 (1987) (stating that forum state had a weak interest because plaintiff was a nonresident); *Roth*, 942 F.2d at 624 (citing *Sinatra*, 854 F.2d at 1200). Because Plaintiffs are not residents of Arizona and because Plaintiff's injury occurred outside its borders, Arizona has little interest in adjudicating the dispute between Plaintiffs and Defendant Roy. Accordingly, this factor also weighs in favor of Defendant Roy.

#### e. The Most Efficient Judicial Resolution

Courts evaluate the efficiency of adjudicating the dispute in the forum state by looking at where the witnesses and the evidence are

---

**10.** Plaintiffs' contention that "there is no conflict of sovereignty because the statute of limitations has run on this action in Arkansas and so no suit could be brought there" is without merit. (Opp'n2 at 11.) Whether Plaintiffs have allowed the Arkansas statute of limitations to run on this particular action, Arkansas has a legitimate in-

terest in adjudicating cases involving tortious conduct within its boundaries and towards its residents. Furthermore, the statute of limitations is an affirmative defense, not a jurisdictional barrier; defendants might waive it. *See* Fed. R.Civ.P. 8(c).

likely to be located. *Terracom,* 49 F.3d at 561 (citing *Core–Vent,* 11 F.3d at 1489). This factor weighs in favor of neither party because witnesses and evidence are located in Arkansas, Colorado, California, and Arizona.[11]

#### f. The Convenience and Effectiveness of Relief

Plaintiffs argue that they can obtain the most convenient and effective relief by "bring[ing] together in Arizona all of the defendants so that there can be a determination of each party's liability rather than requiring plaintiff to bring this action in multiple forums and risk inconsistent results in piecemeal litigation." (Opp'n 2 at 10, ¶ iii.) Plaintiffs' argument is not convincing. Because the acts of Defendant Roy, Defendants Weinberg and Steinway, and Defendant Casebeer are discrete, the actions of each will be judged individually. Thus, Plaintiffs cannot receive inconsistent verdicts. *See Terracom,* 49 F.3d at 561–62. Because the actions of each Defendant are discrete and because each party to this litigation resides in a different state, multiple forums would provide Plaintiffs with the most convenient and effective relief. This factor weighs in favor of Defendant Roy.

#### g. The Availability of an Alternative Forum

Plaintiffs bear the burden of proving the unavailability of an alternative forum. *See Core–Vent,* 11 F.3d at 1490; *Roth,* 942 F.2d at 624 (quoting *FDIC v. British–American Ins. Co.,* 828 F.2d 1439, 1445 (9th Cir.1987)). Plaintiffs argue that no alternative forum exists because the Arkansas statute of limitations has run on their action against Defendant Roy. (Opp'n2 at 10, ¶ ii.) Plaintiffs argument is without merit. The statute of limitations is an affirmative defense, not a jurisdictional barrier. *See* Fed. R.Civ.P. 8(c). Defendant Roy might waive the statute of limitations defense. In any event, Plaintiffs' decision not to bring this action in Arkansas within the time prescribed by its statute of limitations does not eliminate Arkansas as an alternative forum for purposes of this discussion. Accordingly, this factor weighs in favor of Defendant Roy.

#### h. Balancing the Seven Factors

Of the seven factors, none favor Plaintiffs. In contrast, the following six factors favor Defendant Roy: (1) the extent of Defendant Roy's purposeful interjection into Arizona; (2) the burden on Defendant of litigating in Arizona; (3) the extent of the conflict with the sovereignty of Arkansas; (4) Arizona's interest in adjudicating the dispute; (5) Plaintiff's interest in convenient and effective relief; and (6) the existence of an alternative forum. Because six of the seven factors favor Defendant Roy, the Court finds that exercising specific jurisdiction over Defendant Roy would be unreasonable under the Due Process Clause.

### 4. Conclusion

The Court finds that it does not have specific jurisdiction over Defendant Roy for the following reasons: (1) the purposeful availment requirement of the specific jurisdiction test has not been satisfied because Defendant Roy's contact with Arizona was attenuated and because he could not reasonably anticipate being haled into an Arizona court; (2) the Court's exercise of jurisdiction over Defendant Roy would be unreasonable for the reasons stated above.

### B. Defendants Weinberg and Steinway

#### 1. Specific Jurisdiction

Plaintiffs argue that their "claims against Steinway and Weinberg arise from the inadequate training Dr. Roy received in Arizona." [12] (Opp'n1 at 10.) Plaintiffs allege that Defendants Weinberg and Steinway

---

11. Plaintiffs are residents of Colorado. (Compl.¶¶ 1–2.) Defendant Roy is a resident of Arkansas. (Compl.¶ 4.) Defendants Weinberg and Steinway are residents of California. (Compi.¶¶ 9–10) Defendant Casebeer is a resident of Arizona (Compl.¶ 6) And the A.C.S. in question is located in Arkansas. (Compl. ¶ 1 21–22.)

12. Plaintiffs contend: "[t]hat the plate on the machine was not well fitted and caused Dr. Roy to cut through the cornea despite his having inspected the ACS and satisfied himself that it had been properly assembled demonstrates that Patricia Chandler's injuries arose out [sic] the inadequate training received by Dr. Roy in Arizona." (Opp'nl at 11.)

"were involved in the production of the teaching materials for the Casebeer mini-fellowship." (Opp'nl at 1.) Plaintiffs' argument is not persuasive. Even if Defendants Weinberg and Steinway were involved in the production of the teaching materials used in Casebeer's training seminar, Plaintiffs have not established that "but for" their alleged involvement, Defendant Roy would not have caused Plaintiff's injury. Therefore, Plaintiffs' cause of action did not "arise out of" Defendant Weinberg and Steinway's contact with Arizona. Because the "arising out of" requirement of the specific jurisdiction test has not been satisfied in connection with Defendants Weinberg and Steinway, the Court finds it unnecessary to discuss the "purposeful availment" and "reasonableness" requirements.

### 2. General Jurisdiction

A court may assert general jurisdiction over a defendant "[i]f the defendant's activities in the state are 'substantial' or 'continuous and systematic,' . . . even if the cause of action is unrelated to those activities." *Doe v. American Nat'l Red Cross,* 112 F.3d 1048, 1050–51 (9th Cir.1997) (quoting *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1396 (9th Cir.1986)). Plaintiffs make two arguments in support of this Court's general jurisdiction over Defendants Weinberg and Steinway: (1) Defendants introduced the A.C.S. into the stream of commerce knowing that it would be sold to consumers in Arizona; and (2) Defendants were involved in Casebeer's training seminar in Arizona. (Opp'n at 6–7.)

In connection with their first argument, Plaintiffs rely on *Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), to support their contention that "Steinway and Weinberg's introduction of their A.C.S. into the stream of commerce

with the knowledge that it would wind up in the forum state is an action which supports the finding of general jurisdiction." (Opp'n at 7.) However, Plaintiffs either misread or misuse the Supreme Court's discussion in *Burger King.* The portion of the Supreme Court's discussion upon which Plaintiffs rely refers to the "purposeful availment" and "arises out of" requirements of the specific jurisdiction test, not the requirements for general jurisdiction.[13] *See Burger King,* 471 U.S. at 472–73, 105 S.Ct. at 2181–82.

 To support a finding of general jurisdiction, Defendants Weinberg and Steinway's contact with Arizona, their introduction of the A.C.S. into Arizona or their involvement in Casebeer's seminar, must be substantial or continuous and systematic. Plaintiffs allege the following to establish that Defendants Weinberg and Steinway have substantial or continuous and systematic contacts with Arizona: (1) Defendants distributed the A.C.S. from 1991 through the end of 1992; (2) Defendant Steinway had contacts with Arizona through its distribution activities until 1993; (3) Defendant Steinway's logo is displayed on the cover of the training manual used in Casebeer's seminar; (4) "[e]ven after the time when Steinway sold its rights to Chiron Vision, they continued to be involved in the Casebeer training program;" and (5) Defendants "were responsible for the modification of the A.C.S .... which is directly implicated in the injuries in this action." (Opp'nl at 6–7.) This Court must determine whether these facts "constitute sufficient activity in Arizona to conclude that [Defendants] may in fact be said already to be present [here].'" *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1331 (9th Cir.1984) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 413 (9th Cir. 1977)).

---

**13.** An examination of the Supreme Court's discussion in *Burger King* quoted by Plaintiffs further reveals why this Court does not have specific jurisdiction over Defendants Weinberg and Steinway. In *Burger King,* the Supreme Court stated that: " '[t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be

purchased by *consumers in the forum State'* and those products subsequently injure *forum consumers." Burger King,* 471 U.S. at 473, 105 S.Ct. at 2182 (citations omitted) (emphasis added). In this case, however, the A.C.S. in question did not injure a forum consumer; it injured Plaintiff, a resident of Arkansas. Furthermore, a forum consumer did not purchase the A.C.S. in question and it did not "wind up in the forum state." (Opp'n1 at 7.)

In regard to the first two allegations, Defendants Weinberg and Steinway's activities with Arizona are neither substantial nor continuous and systematic. Because Defendants Weinberg and Steinway have not distributed the A.C.S. in Arizona or had contacts with Arizona through their distribution activities since 1992—two years before Defendant Roy purchased the A.C.S., over two years before Plaintiffs' cause of action arose, and over four years before Plaintiffs brought suit against Defendants—their activities with Arizona are not continuous and systematic. In addition, Plaintiffs have failed to establish that the number of A.C.S. instruments which Defendants Weinberg and Steinway distributed in Arizona prior to 1993 are sufficient to support a finding that Defendants' activities with Arizona are substantial.[14] *See Scott v. Breeland,* 792 F.2d 925, 928 (9th Cir.1986) (holding that distributing records to forum retailers is insufficient to confer general jurisdiction); *see also Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 416–19, 104 S.Ct. 1868, 1872–74, 80 L.Ed.2d 404 (1984) (holding that defendant's negotiations, training and purchases conducted in forum state were insufficient contacts to satisfy requirements of the Fourteenth Amendment's Due Process Clause); *Amoco Egypt Oil Co. v. Leonis Navigation Co.,* 1 F.3d 848, 851 n. 3 (9th Cir.1993) (the Ninth Circuit "regularly [has] declined to find general jurisdiction even where the contacts were quite extensive").

In connection with the third and fourth allegations, Plaintiffs have failed to establish that Defendants Weinberg and Steinway's involvement in Casebeer's seminar is substantial or continuous and systematic. Plaintiffs allege the following: "Even after the time when Steinway sold its rights to Chiron Vision, they continued to be involved in the Casebeer training program. This contact and involvement with the Casebeer mini-fellowship is the sort of continuous and systematic contact which allows the exercise of general jurisdiction over these defendants."[15] (Opp'nl at 7.) The only contact and involvement that Plaintiffs have established is that the "Steinway Instruments logo is prominently displayed on the cover of the training manual used in Dr. Casebeer's minifellowship which was attended by Dr. Roy." (Opp'nl at 6.) The fact that Defendant Steinway displayed its logo on the cover of a training manual used in Arizona is insufficient to establish that Defendants Weinberg and Steinway had substantial or continuous and systematic contacts with Arizona.[16] *See Helicopteros,* 466 U.S. at 416–19, 104 S.Ct. at 1874–76.

Finally, the fact that Defendants "were responsible for the modification of the A.C.S .... which is directly implicated in the injuries in this action," (Opp'nl at 6–7), in no way establishes that Defendants Weinberg and Steinway had substantial or continuous and systematic contacts with Arizona.

### 3. Conclusion

Because Plaintiffs' cause of action did not arise out of Defendants Weinberg and Steinway's contacts with Arizona and because Defendants did not have substantial or continuous and systematic contacts with Arizona, this Court may not exercise jurisdiction over Defendants Weinberg and Steinway consistent with the Due Process Clause.

Accordingly,

**IT IS ORDERED** that Defendants Roy and A.C.C.'s and Defendants Weinberg and Steinway's Motions to Dismiss for lack of

---

**14.** Plaintiffs have only established that one A.C.S. has made its way into Arizona—the one used in Casebeer's seminar—and that A.C.S. was distributed by Chiron Vision Corporation, not by Defendants.

**15.** In their Complaint, Plaintiffs allege that "Casebeer ... Weinberg and Steinway ... are engaged in a joint business venture in the State of Arizona wherein Casebeer holds seminars at which he instructs physicians in the assembly,

set-up, operation, and maintenance of the Shaper." (Compl.¶ 12.)

**16.** Although Plaintiffs must make only a prima facie showing of jurisdictional facts through their submitted materials to defeat Defendants' Motion to Dismiss, *see Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir.1995), the facts that Plaintiffs have established do not support this Court's general jurisdiction over Defendants Weinberg and Steinway.

personal jurisdiction (Doc. Nos. 3 & 5) are granted.